IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAUAI SCUBA CENTER, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> LEXINGTON INSURANCE CO., <br><br> Defendant. | Civ. No. 11-00573 BMK <br><br> ORDER GRANTING DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS COMPLAINT |

ORDER GRANTING DEFENDANT'S
RULE 12(B)(6) MOTION TO DISMISS COMPLAINT

Before the Court is Defendant Lexington Insurance Company's Rule 12(b)(6) Motion to Dismiss Complaint (Doc. 9.) The Court heard this Motion on February 10, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Lexington's Motion is GRANTED. As noted below, Plaintiffs may file an Amended Complaint no later than March 16, 2012.

BACKGROUND

Plaintiff Damion McGinley is the sole officer and shareholder of Plaintiff Kauai Scuba Center, Inc. On January 10, 2010, a fire destroyed Kauai Scuba Center's retail store, leased dive boat, dive equipment, computer equipment,

and all business records. The Kauai Fire Department determined that the cause of the fire was arson, but concluded that McGinley had no involvement in setting the fire.

Kauai Scuba Center is the named insured of a commercial property insurance policy issued by Lexington. McGinley is not a named insured under the policy. In May 2010, Lexington paid Plaintiffs for the fire damage pursuant to the insurance policy.

On September 21, 2011, Plaintiffs filed this action against Lexington. Both Plaintiffs assert the following claims: (1) Bad Faith Delay of Insurer to Investigate and Pay Claim of Insured (Count 1); (2) Emotional Distress (Count 2); (3) Punitive Damages (Count 3); and (4) Breach of Insurance Contract (Count 4).

## DISCUSSION

Lexington seeks to dismiss all claims brought by McGinley, as well as the emotional distress and punitive damages claims brought by Kauai Scuba Center.

I. McGinley's Claims in Count 1 for Bad Faith Delay of Insurer to Investigate & Pay Claim of Insured and Count 4 for Breach of Insurance Contract Are Dismissed

Lexington argues that McGinley's claims for Bad Faith Delay of Insurer to Investigate and Pay Claim of Insured (Count 1) and Breach of Insurance

2

Contract (Count 4) must be dismissed because McGinley is not a named insured under the relevant insurance policy. Plaintiffs concede that the policy and the relevant insurance certificate attached to their Complaint "do not include Damion McGinley either [as] a named insured or an additional insured." (Opp. at 3.) They also concede that, because McGinley is not a named insured, he cannot assert the claims in Counts 1 and 4. The Court therefore DISMISSES Counts 1 and 4 as asserted by McGinley. Counts 1 and 4 as asserted by Kauai Scuba Center remain in this case.

II.         Count 2 for Emotional Distress is Dismissed

Plaintiffs concede that Kauai Scuba Center may not assert a claim for emotional distress. Ailetcher v. Beneficial Finance Co. of Hawaii, 632 P.2d 1071, 1075 (Haw. App. 1981) ("there is no mental distress which can be suffered by a corporation"). Count 2 as asserted by Kauai Scuba Center is therefore DISMISSED.

With respect to McGinley's claim for emotional distress, Plaintiffs argue that he is an "alter ego" of Kauai Scuba Center and that he may therefore "'reverse pierce' the corporate veil in order to avail himself of the claim for emotional distress." (Opp. at 5.) Plaintiffs cite to Roepke v. W. Nat'l Mutual Ins. Co., 302 N.W.2d 350 (Minn. 1981) in arguing that the Court should allow

McGinley to reverse pierce the corporate veil.  Although the Supreme Court of Minnesota allowed the individual in that case to reverse pierce the corporate veil, the court expressly "limit[ed] this holding to the facts peculiar to this case."  Id. at 353.  Importantly, the Hawaii Supreme Court has not recognized this theory of reverse piercing the corporate veil.

Plaintiffs contend that McGinley may reverse pierce the corporate veil because he is the "alter ego" of Kauai Scuba Center.  "The Hawaii Supreme Court has listed more than twenty factors to evaluate whether one entity is another's alter ego, among them whether the companies commingled funds, employed the same people, have identical ownership, or have shared directors and officers with supervisory or managerial responsibilities over both companies."  Suzuki v. Castle & Cooke Resorts, 239 P.3d 1280, 1284 (Haw. Ct. App. 2010).  Here, Plaintiffs, do not provide any evidence regarding these factors and whether McGinley is in fact an alter ego of Kauai Scuba Center.  As such, Plaintiffs fail to meet their burden of establishing that McGinley is an alter ego of Kauai Scuba Center.

Accordingly, because (1) the Roepke court limited its holding to the "facts peculiar to this case," (2) the Hawaii Supreme Court has not adopted the theory of reverse piercing the corporate veil, and (3) Plaintiffs fail to establish that McGinley is the alter ego of Kauai Scuba Center, the Court rejects Plaintiffs'

argument that McGinley may bring a claim for emotional distress. Therefore, the Court DISMISSES Count 2 as asserted by McGinley.

III. Count 3 for Punitive Damages is Dismissed

Plaintiffs concede that "a claim for punitive damages is not an independent tort, but is instead a remedy." (Opp. at 4.) Count 3 is therefore DISMISSED. Ross v. Stouffer Hotel Co. (Hawaii) Ltd., 879 P.2d 1037, 1049 (Haw. 1994) ("a claim for punitive damages is not an independent tort, but is purely incidental to a separate cause of action").

IV. Leave to Amend

Plaintiffs seek leave to amend the Complaint with respect to Counts 1, 3, and 4. (Opp. at 2, 7.) The Court grants that request. Plaintiffs may file an Amended Complaint no later than March 16, 2012.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Rule 12(b)(6) Motion to Dismiss Complaint. All claims are dismissed except for Counts 1 and 4 as asserted by Kauai Scuba Center. Plaintiffs may file an Amended Complaint no later than March 16, 2012.

DATED: Honolulu, Hawaii, February 16, 2012.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kauai Scuba Center, Inc., et al. v. Lexington Insurance Co., Civ. No. 11-00573 BMK; ORDER GRANTING DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS COMPLAINT.