IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KAUAI SCUBA CENTER, INC., )          CV. No. 11-00573 BMK
et al.                    )
                          )          ORDER GRANTING
          Plaintiffs,     )          DEFENDANT'S MOTION FOR
                          )          SUMMARY JUDGMENT
     vs.                  )
                          )
LEXINGTON INSURANCE CO.,  )
                          )
          Defendant.      )
_____ )

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Lexington Insurance Company's

("Lexington") Rule 56 Motion To Dismiss First Amended Complaint (Doc. # 42.)

After careful consideration of the motion, the supporting and opposing

memoranda, and the arguments of counsel, the Court GRANTS Lexington's

motion for summary judgment.

BACKGROUND

Count I of Plaintiffs Kauai Scuba Center Inc. ("Kauai Scuba") and

Damion McGinley's ("McGinley") First Amended Complaint alleges that

Lexington failed to investigate Plaintiffs' insurance claim in bad faith.  (Doc. # 24

at 2.)  Count II alleges that Lexington breached its insurance contract by failing to

investigate Plaintiffs' claim.  (Id. at 15-16.)

The following undisputed facts are relevant to Plaintiffs' claims.

Lexington issued an insurance policy to PADI Wordwide Corp. ("PADI") effective

from June 30, 2009 to June 30, 2010.  (Cooney Decl. ¶ 3.)  Vicencia & Buckley

("V&B"), PADI's insurance broker, contracts with various dive shops to insure

them under the Lexington policy.  (Id. at ¶¶ 4, 5.)  Lexington's policy contains a

$300,000 self-insured annual aggregate retention, meaning that Lexington has no

liability under the policy unless the aggregate of all claims for that year exceeds

$300,000.  (Id. at ¶ 4.)

Kauai Scuba paid fees to V&B for insurance.  (Id. at ¶ 6.)  Part of

those fees paid for premiums for the Lexington policy, and the remainder of the

fees were pooled in an account administered by V&B to fund payments for claims

within the $300,000 self-insured retention.  (Id.; Pl.'s Concise Statement of Facts

("CSF") ¶ 20.)  The self-insured retention was never exhausted for the 2009-2010

policy term, and there are no outstanding claims.  (Cooney Decl. at ¶ 4.)

On January 10, 2010, a fire broke out at Kauai Scuba's retail store.

On January 11, 2010, Kauai Scuba reported the loss to V&B.  (McGinley Decl. ¶

4.)  V&B had complete authority over the claim, including the decision to affirm or

deny coverage.  (Begg Depo. at 14; Pl.'s CSF ¶ 24.)  York Claims Services, Inc.

("York") adjusted the claim, and sent a letter to McGinley acknowledging receipt of the claim and assigning the claim to Laurie Stone at York's Orlando office. (Mem. in Op. Ex. C.)  Over the following months, Ms. Stone and Mr. McGinley had difficulty communicating, and Ms. Stone failed to return many of Mr. McGinley's calls.  (McGinley Decl. ¶ 5.)

On April 11, 2010, Kauai Scuba was forced to shut down its business. (McGinley Decl. ¶ 14.)  On April 12, 2010, Lexington was placed on notice of the loss, and ten days later it informed York that it would not be involved in adjusting the claim because the self-insured retention was not exhausted.  (Reply Ex. B; Mem. in Op. Ex. G.)  On May 11, 2010, York's independent adjuster determined that Kauai Scuba's claim was a covered loss.  (Pl.'s CSF ¶ 38; Mem. in Op. Ex. D.) Kauai Scuba received payment from York for its personal property loss on May 26, 2010, and it received payment for its business interruption loss on July 26, 2010. (Pl.'s CSF ¶ 41; Begg Depo. at 65.)

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  See Fed. R. Civ. P. 56(a).  In assessing whether a genuine issue of material fact exists, courts must

resolve all ambiguities and draw all factual inferences in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried.  Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir.1987).

## DISCUSSION

Lexington seeks summary judgment on both counts of the Amended Complaint because it did not have a duty to pay Kauai Scuba in light of the failure to exhaust the self-insured retention.  (Doc. # 42.)  The parties do not dispute that Lexington received notice of Kauai Scuba's claim on April 12, 2010, and promptly denied the claim on April 22, 2010 because it fell within the self-insured retention. Thus, there is no genuine issue of material fact that Lexington's actions did not breach the insurance contract or constitute bad faith.  See Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 347 (Haw. 1996) (bad faith requires unreasonable

conduct on part of insurer).

Kauai Scuba argues that York acted as an agent of Lexington, and that Lexington is responsible for York's mishandling of the claim.  (Doc. # 87 at 14) (stating that Kauai Scuba's "entire complaint is premised on the manner in which York mishandled its claim from the outset.").[1]  The parties do not dispute that there is a genuine issue of material fact that York mishandled the claim.  Thus, the crucial issue is whether Lexington is responsible for York's actions, and whether Lexington had some independent duty to investigate the claim even though the self-insured retention was not exhausted.

The Court GRANTS Lexington's motion for summary judgment because the undisputed evidence in this case indicates that York adjusted the claim on behalf of V&B rather than Lexington.  Although York was an adjuster for Lexington generally, York adjusted this claim on V&B's behalf during all relevant periods in this case.  Plaintiffs' concise statement of facts concedes that "York did not report to Lexington but instead reported to Vicencia & Buckley which had complete authority over the claim, including the decision to affirm or deny coverage."  (Pl.'s CSF ¶ 24, emphasis added.)  Plaintiffs do not dispute that V&B

---

[1]     The parties dispute whether Lexington may rely on allegations in the Amended Complaint to support its motion for summary judgment.  (Doc. # 87 at 11-12; Doc. # 91 at 5.)  It is unnecessary to decide this issue, because the undisputed evidence in this case indicates that summary judgment is appropriate.

made the ultimate coverage decision in this case.  (Id. at ¶ 39.)  It is also undisputed that Kauai Scuba reported the loss to V&B, and that V&B assigned York to adjust this claim prior to Lexington's receipt of notice on April 12, 2010. (Id. at ¶ 22; Mem. in Op. Ex. C.)  Based on Plaintiffs' concise statement of facts and the undisputed evidence in this case, it is clear that York was adjusting the claim on behalf of V&B rather than Lexington.

Moreover, the overwhelming evidence in this case supports that conclusion.  Steve Vicencia testified in his deposition that V&B maintained the claims fund, and that York administered claims within the self-insured retention. (Vicencia Depo. at 55-56.)  Dan Begg, York's adjuster, testified that he reported to V&B on this claim, and that V&B made the decisions regarding Kauai Scuba's claim.  (Begg Depo. at 14-15.)  In short, there is no credible evidence that York adjusted the claim on behalf of Lexington.[2]

_____

[2]      Kauai Scuba asserts that various letters indicate that York was an agent of Lexington.  (Doc. # 87 at 18.)  However, these letters instead show that York was adjusting the claim for V&B prior to April 12, 2010.  For instance, an April 22, 2010 letter from Lexington indicates that the claim has been assigned to York and was reported to Lexington on April 12, 2010.  (Mem. in Op. Ex. G.)  This letter does not show that York was Lexington's agent during its investigation, because York investigated the claim prior to April 12, 2010.  Moreover, on April 22, 2010, Lexington notified York that it does not get involved in claims below the self-insured retention.  (Reply Mem. Ex. B.)  Lexington had no involvement with the claim except during a brief 10 day period to determine that the self-insured retention was not exhausted.

Another letter sent by York to Kauai Scuba on March 11, 2010, states that York is the authorized claims representative of Lexington and that Lexington is investigating the claim under a full reservation of rights.  (McGinley Decl. Ex. C.)  However, Plaintiffs concede that this letter was written without prior approval by Lexington.  (Pl.'s CSF ¶ 34).  In light of the

Finally, Kauai Scuba argues that Lexington's policy "contains no language relieving it of the obligation to manage claims that are within the [self-insured retention]." (Doc. # 87 at 26.) However, Kauai Scuba has not pointed to any language in the policy requiring Lexington to manage claims within the self-insured retention. In contrast, the undisputed evidence shows that V&B managed claims within the self-insured retention. Plaintiffs have not produced any authority requiring an excess carrier like Lexington to investigate or manage a claim that clearly falls within another entity's insurance fund. The Court concludes that Lexington fulfilled its obligation under the insurance contract when it promptly determined that the self-insured retention was not exhausted.

<u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment. The Clerk of Court is directed to enter judgment in Lexington's favor.

DATED:  Honolulu, Hawaii, July 12, 2013.

---

overwhelming evidence and Plaintiffs' admission that V&B had complete authority over the claim in their own concise statement of facts, this letter does not indicate that York was investigating the claim on behalf of Lexington.

7

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kauai Scuba Center, Inc. v. Lexington Insurance Co., Civ. No. 11-00573 BMK, ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT